## Eveleth & al. *versus* Harmon.

Of the causes, for which a new trial will be granted.

Tenney, J., orally. — This is a Writ of Entry to obtain possession of a farm in the occupation of the tenant. Both parties claim title under H. G. O. Harmon; the tenant by deed dated April 3, 1847, which was duly acknowledged and recorded; the demandants by virtue of an attachment made on the 17th April, 1847, in a suit against the tenant's grantor, upon which subsequently a judgment was obtained, and levy seasonably made in due form of law. It is obvious therefore, that were the case to rest here, the tenant's title must prevail.

To avoid the operation of the tenant's deed, the demandants insist that it was fraudulent, and made with the deliberate intention of hindering, delaying or defrauding creditors, and that they, being prior creditors, have a right to impeach it. The demandants for this purpose introduced evidence to show that the judgment debtor was in embarrassed circumstances, that the tenant, his son, was of feeble health, without property or means to purchase; that the conveyance was made on or about the day he became twenty-one years old; that no money was paid at the time of the sale, and that there was no prospect he ever would be able to pay for the place; and that the father and his family remained in possession, occupying and working on the place as before the sale.

The only evidence introduced on the part of the tenant, was the fact, that by arrangement between the father and son, as stated in the exceptions, a certain amount had been indorsed on the first note, before it became due; and the additional fact that nearly a year after the sale, the mortgage and notes given by the tenant to his father, had been by him transferred to Thomas S. Pullen. This testimony was offered to show the original conveyance to the tenant to have been honest.

The counsel for the demandants have excepted to the introduction of this evidence, as being upon legal principles in-

admissible. It is urged that this evidence is in fact simply proof of the declarations or acts of the fraudulent grantor, long after the conveyance ; and that it is not competent for him to make declarations, or to perform acts equivalent to declarations, which shall have a retroactive effect, so as to give validity to a transaction, fraudulent in its inception. The assignment of the mortgage had no connexion whatever with the original transaction. The payment subsequently made, may perhaps, be considered as connected with it. Both might have been merely colorable and designed to give a specious aspect of integrity to the cause. But the Court do not mean to rest their decision on the admissibility of this evidence, nor yet to determine, that it is altogether inadmissible.

The counsel for the demandant relies on a motion for a new trial. It is urged that the verdict is so manifestly erroneous, that it should be set aside, that as there is no dispute as to facts, there having been no counter evidence as to the essential facts, that the Court are to apply the law as upon an agreed statement. This view of the law cannot be admitted as correct. If it were so, then it would have been competent for the Court to have peremptorily directed a verdict for the demandant, on the ground that as matter of law he was entitled to it. But such a direction would have been erroneous, and if given, would have been sufficient cause for setting the verdict aside.

We are therefore, to look at the evidence only, to see if the jury have so palpably erred, that the case should for that cause be sent back for a new trial. The demandants to entitle them to recover were bound to show, that the conveyance on the part of the father was fraudulent, and that the son was aware of such intention on his part and aided him in carrying it into effect. The father was a competent witness to explain the purpose and intention of the parties in this transaction, but was not called. The father was a competent witness undoubtedly for either party, but in reference to calling him, the parties do not stand upon an equal footing. The conveyance was one from which the father must have expected to derive some

Eveleth *v.* Harmon.

benefit.  If fraudulent, it is hardly reasonable to expect, that the party claiming it to be fraudulent should call the chief actor in that fraud as the witness by whom to establish it. The son was living in the family of his father, and may reasonably be presumed to have, known his objects and intentions.  The demandant personally must have been ignorant except so far as he must know from what appears in evidence. It appeared in evidence that the father continued in possession of the premises, after the conveyance; that the son had just arrived at years of manhood.  It does not appear that he was entitled to his earnings previously, or that he had any means with which to make the purchase.  It further appeared that the son was a person of indolent habits and inferior health; that much of his time was spent in visiting.  The evidence in relation to all these facts was uncontradicted; and these facts, if true, leave no reasonable doubt of what was the object of the parties in making the conveyance.

Indeed it is not easy to perceive how the jury could have arrived at the result which is shown by their verdict.  The conclusion to which the Court have arrived, is that the jury, as to this evidence, must have mistaken their duty.  The verdict is set aside upon the motion for a new trial, and the cause will stand for trial.

*J. Appleton* and *Flint*, for the plaintiffs.

*Sanborn*, for the defendant.